| **Plamondon v Schechter** |
|:---:|
| 2026 NY Slip Op 30748(U) |
| March 2, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 652163/2020 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. ARLENE P. BLUTH**                 PART                    14

*Justice*

-------------------------------------------------------------------------------X

GEORGE PLAMONDON, GULP PICTURES, INC.          INDEX NO.          652163/2020

               Plaintiffs,          MOTION DATE           N/A

             - v -                 MOTION SEQ. NO.         002

ELIZABETH SCHECHTER, STORYVILLLE
ENTERTAINMENT, INC.,                           **DECISION + ORDER ON
MOTION**

             Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51

were read on this motion to/for          SUMMARY JUDGMENT          .

Plaintiffs' motion for summary judgment on its only cause of action for breach of contract is denied.

**Background**

Plaintiffs and defendants are in the television business. Plaintiff Plamondon and defendant Schechter used to be business partners but had a falling out which resulted in a lawsuit and an eventual settlement agreement in 2017. Plaintiffs argue that the settlement agreement required that if a network were to "bring back" a series previously produced by Picture Shack (an entity co-owned by Plamondon and Schechter), then these parties would split any production company fees and back-end compensation evenly (50/50).

Plaintiffs allege that the television network A&E brought back a series produced by Picture Shack called Psychic Kids for fourth season. They contend that this fourth season included film footage from episodes broadcast from the first three seasons which ran from 2008

[* 1]

through 2010. Plaintiffs say that they have not received any payments related to this fourth season.

They now move for summary judgment and contend that they have suffered damages of at least fifty percent of the $109,572.75 paid to Schecter. Plaintiffs acknowledge that the applicable settlement agreement provision does not define the term "production company fees" but argues that A&E hired Schecter's production company (defendant Storyville Entertainment) only to then loan out Schecter as a producer. They insist that the fees paid were production company fees.

In opposition, defendants contend the motion is premature as discovery has not really even started. They emphasize that plaintiffs' motion is not supported by an affirmation or affidavit from someone with personal knowledge. Defendants admit that Picture Shack handled the physical production for Psychic Kids, created the budget for the show and earned production company fees. They argue that the phrase "production company fees" refers to "fees equal [to] roughly ten percent of a series' per-episode budget" (NYSCEF Doc. No. 40 at 3).

Defendants argue that Psychic Kids had three initial seasons where each episode built on a previous one—so the second and third seasons were really continuations of the first season. In her affidavit, defendant Schechter says that A&E reached out to her in August 2018 about a potential series called Raising the Paranormal (NYSCEF Doc. No. 41, ¶ 15). She contends that A&E had been working on this project for some time and observes that many of the children who initially appeared on Psychic Kids had appeared on other paranormal television series produced on A&E and other networks (*id*. ¶¶ 16-17).

Schechter adds that A&E asked her to consult on the development of this new show and that her role was not to function as the production company (*id*. ¶ 18). She argues that the series

652163/2020   PLAMONDON, GEORGE vs. SCHECHTER, ELIZABETH
Motion No.  002

Page 2 of 4

was changed to be Psychic Kids: The Next Generation at A&E's direction, not based on her suggestion (*id.*). Schechter also argues that A&E did not bring back Psychic Kids and details the many ways in which the two shows differed (*id.* ¶¶ 22, 23). Apparently, the first iteration focused on a "retreat" while the newer show depicted children in their own homes and the individuals featured in new show did not participate in the retreat (*id.*).

In reply, plaintiffs argue question how a television show with the same name, on the same network, the same premise and some of the same cast is not "bringing back" a prior show. They complain that Schechter did not share the required fees with plaintiffs and that plaintiff Plamondon did not receive an executive producer credit as required under the settlement agreement.

**Discussion**

The Court denies the motion as there are clearly issues of fact concerning whether or not the Psychic Kids' show was "brought back" and whether or not Schechter actually received "production company fees." Schechter raised material issues of fact that she served only as a consultant and that she received 3.5 percent per episode, far below the purported industry standard of 10 percent.

The Court observes that the terms "brought back" and "production company fees" are not defined in the agreement. A fact finder will have to assess if the settlement agreement applies to the 2018 Psychic Kids show and to Schechter's compensation earned from this new show. Summary judgment is simply not appropriate on this record.

To the extent that plaintiff Plamondon attempted to raise issues for the first time in reply (he did not personally submit anything in support of the motion and offered an affidavit only in

652163/2020   PLAMONDON, GEORGE vs. SCHECHTER, ELIZABETH
Motion No.  002

Page 3 of 4

reply), the Court did not consider those arguments. It is axiomatic that party may not make arguments for the first time in reply.

To the extent that defendants argue that the corporate plaintiff and the corporate defendant should be dismissed, that request is denied as they did not cross-move for that relief.

**Summary**

The Court recognizes that this motion has been pending for a long, long time. The prior judge assigned to this case scheduled oral argument on three separate occasions in the middle of 2025 (although the motion was fully briefed by May *2021*) but did not issue a decision prior to her retirement. The undersigned apologizes, profusely, for this inexcusable delay.

Accordingly, it is hereby

ORDERED that plaintiffs' motion for summary judgment is denied.

The Court surmises from this docket that there has been very little, or no discovery, completed. Therefore, the Court schedules a discovery conference for April 27, 2026. By April 20, 2026, the parties shall upload a proposed discovery stipulation setting a discovery schedule for this matter. If the parties are unable to agree, then they may upload letters explaining the nature of the disagreement. Based on the submission, the Court will assess whether or not an in-person appearance is required. The failure to upload anything by April 20, 2026 may result in an adjournment of the conference, an order to appear in person or the Court may order a note of issue be filed (given the age of this case).

| 3/2/2026 | | ARLENE P. BLUTH, J.S.C. |
|----------|--|--------------------------|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|------------|--|---------------|--|---|------------------------|--|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**652163/2020   PLAMONDON, GEORGE vs. SCHECHTER, ELIZABETH**                                    Page 4 of 4
**Motion No.  002**